ORIGINAL

FILED
DEC 28 2007
U.S. COURT OF FEDERAL CLAIMS

UNITED STATES COURT OF FEDERAL CLAIMS

JAY JACKSON & ASSOCIATES
Plaintiff,
v.
UNITED STATES OF AMERICA,
Defendant.

CASE NO. 07-899 C

COMPLAINT

Plaintiff alleges:

1. The United States Court of Federal Claims has jurisdiction in this matter pursuant to 41 U.S.C. Section 609 (a) (1).

2. Plaintiff Jay Jackson & Associates (hereinafter "JACKSON") is, and at all times herein mentioned was sole proprietorship duly organized and existing under and by virtue of the laws of the State of Idaho.

3. Defendant THE UNITED STATES OF AMERICA is, and at all times herein mentioned was, acting by and through the DEPARTMENT OF THE ARMY, ALBUQUERQUE DISTRICT, CORPS OF ENGINEERS, Albuquerque, New Mexico (hereinafter the "ARMY"), which is, and at all times herein mentioned was, an agency of the United States.

4. JACKSON has timely and properly performed any and all obligations required to be performed under the CONTRACTS referenced herein, except as excused or delayed by the ARMY's failure to timely perform as more specifically set forth below.

## FIRST CAUSE OF ACTION

5. On or about September 27, 2001 JACKSON entered into Contract DACW-01-C-0027 (the "CONTRACT"), with the ARMY by the terms of which JACKSON agreed to perform certain construction work known as La Joya Systems Improvements, Phase II, Socorro

County, New Mexico, (hereinafter the "PROJECT"). The entire CONTRACT, including plans, specifications and related contract documents, ("CONTRACT DOCUMENTS"), are voluminous and therefore not attached hereto, but are a matter of public record, and have and will be made available to all parties and are incorporated herein by this reference as though fully set forth at this point. The CONTRACT called for the commencing performance with 10 days and completing performance within 150 calendar days after receiving a NTP.

6. The PROJECT called for improvements to an existing irrigation ditch between two prior areas of improvement. New construction was to consist of, inter alia, 5240 feet of concrete lined ditch and 5670 feet of 48 inch diameter pipe. The CONTRACT called for the clearing and grubbing for construction, staging, and borrow/soil waste areas; excavation, fill and grading activities associated with the installation of, inter alia, the concrete lined ditch, the new pipe, new headwalls, irrigation turnouts, a wire wrapped rip-rap overshot structure, an overflow/sluice structure; excavation and contouring/grading of the borrow/soil waste sites; installation of erosion control measures; and preparation for final planting seeding.

7. The CONTRACT contained twelve (12) separate items requiring JACKSON bid on an estimated quantity of various type units, estimated by the ARMY on a cubic yard, square yard, acre or lineal foot basis. The CONTRACT, included in full FAR § 52.211-18 which stated that if the actual quantity of the unit-priced item varies by more than 15 percent above or below the estimated quantity, an equitable adjustment in the contract shall be made upon demand of either party.

8. On or about May 25, 2007, JACKSON requested an equitable adjustment to the CONTRACT in the amount of Five Hundred Eighteen Thousand Five Hundred Ninety One and twenty seven cents ($518,591.27). JACKSON's request was submitted to the ARMY under FAR § 52.211-18, a clause incorporated by reference in the CONTRACT, as the actual quantity of the unit-priced items exceed the estimated quantities by more than 15 %, thereby requiring an equitable adjustment in the contract price.

9. The ARMY COE estimated the quantity for Bid Item 0002 at 36,825 cubic yards. JACKSON bid this item in reliance upon that estimated quantity at $2.40 per cubic

yard. The actual quantity estimated by JACKSON that was excavated was 100, 228 cubic yards. The difference is 63,403 cubic yards which is an increase of 173 %. At $2.40 per cubic yard the increase in costs is $152,167.20. In accordance with FAR 52.211-18 JACKSON estimates the cost to perform the additional work at $2.88 for Bid Item 0002. This additional amount is to compensate JACKSON for the increased risk (10 %) and overhead (10 %) to excavate the 173 % increase in earth quantity. At $2.88 per cubic yard the increase in costs is $182,600.64. It is clear that the ARMY's specifications were defective in estimating the quantities for Bid Item 0002. The actual quantities excavated were estimated by Briggs Engineering, Inc. and certified by Dean Briggs, a Registered Land Surveyor.

10. The ARMY COE estimated the quantity for Bid Item 0003 at 41,000 cubic yards. JACKSON bid this item in reliance upon that estimated quantity at $2.88 per cubic yard. The actual quantity estimated by BRIGGS that was excavated was 131,597 cubic yards. The difference is 90,597 cubic yards which is an increase of 220 %. In accordance with FAR 52.211-18 JACKSON estimates the cost to perform the additional work at $3.45 for Bid Item 0003. This additional amount is to compensate JACKSON for the increased risk (10 %) and overhead (10 %) to excavate the 220 % increase in earth quantity. At $3.45 per cubic yard the increase in costs is $312,559.65. It is clear that the ARMY's specifications were defective in estimating the quantities for Bid Item 0003. The actual quantities excavated were estimated by Briggs Engineering, Inc. and certified by Dean Briggs, a Registered Land Surveyor.

11. The difference in the amount estimated to the amount actually encountered is so substantial as to be a cardinal change to the contract. Bid Item 0002 was increased by an estimated 173 % and Bid Item 0003 by an estimated 220 %. In addition JACKSON is entitled to reimbursement for the cost of hiring professional consultants to assist JACKSON in the preparation of JACKSON's claim. The claimed amounts are summarized as follows:

| | |
|---|---|
| Bid Item 0002 | $182,600.64 |
| Bid Item 0003 | $312,559.65 |
| Subtotal | $495,160.29 |
| Briggs Engineering, Inc. | $20,000.00 |

| | |
|---|---|
| Bruckner & Walker | $3,430.98 |
| Total | $518,591.27 |

12. JACKSON has timely and properly performed any and all obligations required to be performed under the CONTRACT, except as excused or delayed by ARMY's failure to timely perform as more specifically set forth below.

13. By letter dated June 22, 2007, JACKSON forwarded a certified claim for the estimated increased direct and indirect costs in the amount of Five Hundred Eighteen Thousand Five Hundred Ninety One and twenty seven cents ($518,591.27) and requested a Final Decision of the Contracting Officer in the sum of Five Hundred Eighteen Thousand Five Hundred Ninety One and twenty seven cents ($518,591.27). The claim(s) was certified as required by the Contract Disputes Act. By letter dated July 16, 2007, the ARMY issued a letter indicating that a Contracting Officer's Decision can be expected by December 21, 2007. On December 20, 2007 the ARMY issued a Contracting Officer's Final Decision denying JACKSON's claim in its entirety.

14. As a direct and proximate result of the foregoing, JACKSON has suffered damages as and for direct costs, delay, disruption, inefficiency, impact and home and field office overhead in the approximate sum of Five Hundred Eighteen Thousand Five Hundred Ninety One and twenty seven cents ($518,591.27).

15. JACKSON has and will continue to suffer further, other and additional damages, the precise sum of which is not presently known. JACKSON will amend its Complaint when the same are ascertained or upon proof thereof at trial. In addition to the foregoing, JACKSON is entitled to interest as provided by the Contract Disputes Act from the date on which the component parts of the foregoing sum became due.

//

//

//

WHEREFORE PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

ON THE FIRST CAUSE OF ACTION

1. For damages in the amount of Five Hundred Eighteen Thousand Five Hundred Ninety One and twenty seven cents ($518,591.27) together with interest thereon from a date according to proof under the Contract Disputes Act;

2. For reasonable attorneys' fees incurred herein in accordance with EAJA;

3. For costs of suit incurred herein; and

4. For such other and further relief as the court may deem just and proper.

Dated: December 27, 2007

Respectfully submitted,

William L. Bruckner
BRUCKNER & WALKER
4550 Kearny Villa Road, Ste 209
San Diego, CA 92123
(858) 565-8300 Telephone
(858) 565-0813 Facsimile
bill@brucknerwalker.com

Attorneys for Jay Jackson & Associates