IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JAY JACKSON & ASSOCIATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-899C |
| | ) | (Judge Firestone) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant, the United States, admits, denies, and avers as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law, to which no answer is required.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. Denies.

5. Denies that the Government entered into contract No. DACW-01-C-0027 with Jay Jackson & Associates ("Jackson"); avers that the Government entered into contract No. DACW47-01-C-0027 with Jackson on September 27, 2001; admits the remaining allegations contained in paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in the first sentence of paragraph 6. Denies the allegations contained in the second sentence of paragraph 6 that new construction consisted, in

part, of "5240 feet of concrete lined ditch;" avers that contract required construction, in part, of approximately 5230 feet of concrete lined ditch; admits the remaining allegations contained in the second sentence of paragraph 6; admits the remaining allegations contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the first sentence of paragraph 8. The allegations contained in the second sentence of paragraph 8 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required; to the extent they are deemed allegations of fact, admits the allegations in the second sentence of paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 8.

9. Admits the first sentence of paragraph 9. Admits the second sentence of paragraph 9 to the extent that Jackson submitted a bid of $2.40 per cubic yard; otherwise denies the remaining allegations contained in second sentence of paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the third, fourth, fifth, sixth, seventh and eighth sentences of paragraph 9 constitute plaintiff's characterization of its case to which no answer is required; to the extent an answer is required, they are denied for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the ninth sentence of paragraph 9. Avers that the allegation

"actual quantities excavated were estimated" in the tenth sentence of paragraph 9 is ambiguous and unclear; otherwise denies the allegations contained in the tenth sentence of paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. Admits the first sentence of paragraph 10. Admits the second sentence of paragraph 10 to the extent that Jackson submitted a bid of $2.88 per cubic yard; otherwise denies the remaining allegations contained in second sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the third, fourth, fifth, sixth and seventh sentences of paragraph 10 constitute plaintiff's characterization of its case to which no answer is required; to the extent an answer is required, they are denied for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the eighth sentence of paragraph 10. Avers that the allegation "actual quantities excavated were estimated" in the ninth sentence of paragraph 10 is ambiguous and unclear; otherwise denies the allegations contained in the ninth sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. The allegations contained in paragraph 11 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent an answer is required, denies the allegations in paragraph 11.

12. Denies.

13. Admits the allegations contained in the first sentence of paragraph 13 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations in the first sentence of paragraph 13. The allegations contained in the second sentence of paragraph 13 constitute plaintiff's characterization of its case and conclusions of law,

to which no answer is required. Admits the allegations contained in the third and fourth sentences of paragraph 13 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations in the third and fourth sentences of paragraph 13.

14. Denies.

15. Denies the allegations in the first sentence of paragraph 15. The allegations contained in the second sentence of paragraph 15 constitute plaintiff's characterization of its case, to which no answer is required. Denies the allegations in the third sentence of paragraph 15.

16. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 15, or to any relief whatsoever.

17. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ Joseph A. Pixley
JOSEPH PIXLEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7300
Facsimile: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

RICHARD G. TOTTEN
Albuquerque District
U.S. Army Corps of Engineers
Office of Counsel, Room 303
4101 Jefferson Plaza, N.E.
Albuquerque, New Mexico 87109
Telephone: (505) 342-3300
Facsimile: (505) 342-3287

April 1, 2008

**CERTIFICATE OF FILING**

I hereby certify that on the 1st day of April, 2008, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joseph A. Pixley