IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JAY JACKSON & ASSOCIATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-899C |
| | ) | (Judge Firestone) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A, paragraph III, 4, of the Rules of the United States Court of Federal Claims (RCFC), the parties file the following joint preliminary status report:

(a) Does the court have jurisdiction over the action?

Plaintiff Jay Jackson & Associates, ("Jay Jackson") believes that the Court has jurisdiction to entertain this action. Defendant, the United States, knows of no reason to question the jurisdiction of the Court to entertain this action at this time.

(b) Should this case be consolidated with any other case?

This case should not be consolidated with any other case.

(c) Should trial of liability and damages be bifurcated?

The parties are not aware of any reason why liability and damages should be tried separately.

(d) Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal?

Further proceedings in this action should not be delayed pending consideration of another case before this Court or any other tribunal.

(e) Will a remand or suspension be sought?

Neither party intends to request remand or suspension.

(f) Will additional parties be joined?

No additional parties should be joined.

(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56?

After the parties have conducted some or all discovery, the parties may file dispositive motions. The parties request, therefore, that, on or before 30 days after the conclusion of discovery, they be allowed to file a status report regarding the appropriateness of filing any further dispositive motions.

(h) What are the relevant factual and legal issues?

The following are issues that at this time identify the dispute between the parties. Although the issues identified by each of the parties are similar, the differing views of the parties regarding some of the issues and facts have led the parties to suggest separate statements of relevant issues. As discovery progresses, new information may become evident, or new issues may become apparent, that will lead the parties to a unified set of issues, or that may cause the parties to need to supplement or amend this listing. The parties respectfully request that the Court allow the parties to so supplement or amend this list of issues as future circumstances dictate.

A. Jay Jackson identifies the relevant facts and laws as follows:

How much should Plaintiff be paid under FAR 52.211-18 as the actual quantity of the unit-priced items for Bid Item 0002 Excavation and Bid Item 0003 Random Fill and Backfill exceed the estimated quantities by more than 15% thereby requiring an equitable adjustment in the contract price.

B. Defendant views the relevant issues as follows:

Whether plaintiff can meet its burden of proving that it is entitled to compensation for the additional 154,000 cubic yards of material it alleges it moved, absent plaintiff's performing the surveys necessary to establish the variation in quantities, as required by FAR 52.211-118 and other contract provisions.

(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties are open to the possibility of settlement, and the use of alternative dispute resolution ("ADR"), throughout the proceedings, but, at this time, the parties are not in a position to characterize the likelihood of settlement.

(j) Do the parties anticipate proceeding to trial?

If this case does not settle, or is not otherwise resolved upon dispositive motion, the parties will proceed to trial. The parties agree that an expedited trial pursuant to paragraph 4(j) of Appendix A is not warranted.

<u>Joint Proposed Schedule</u>

For their proposed discovery plan, the parties respectfully suggest the following schedule to the Court:

Initial disclosures: July 30, 2008

Expert Disclosures (if necessary), pursuant to RCFC 26 (a)(2)(C): September 12, 2008

End of non-expert discovery. All non-expert discovery requests shall be served so that, pursuant to the Rules of Court, the required responses shall be due no later than November 21, 2008.

Final date for filing dispositive motions: January 21, 2009

(k) Are there special issues regarding electronic case management needs?

The parties are not aware of any special issues regarding electronic case management needs.

(l) Is there any other information of which the Court should be aware at this time?

The parties are unaware of any other matters which should be brought to the Court's attention at this time.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ William L. Bruckner
WILLIAM L. BRUCKNER
Bruckner & Walker
4550 Kearny Villa Road, Ste. 209
San Diego, CA 92123
tel: (858) 565-8300
fax: (858) 565-0813
Fax: (202) 778-9100

Attorney for Plaintiff

s/ Joseph A. Pixley
JOSEPH A. PIXLEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0843
Fax: (202) 307-0972

Attorneys for Defendant

May 22, 2008

**CERTIFICATE OF FILING**

I hereby certify that on the 22nd day of May, 2008, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joseph A. Pixley